**HENRY A., by his next friend,**
**M.J, et al.,**

      **Plaintiffs,**

**v.**                                          **Case No: 5:13-mc-16-Oc-10PRL**

**MICHAEL WILLDEN, Director of the**
**Nevada Department of**

      **Defendants.**

_____

## ORDER

Pending before the Court is Petitioner National Deaf Academy, LLC's Motion to Quash Subpoena and/or for Protective Order (Doc. 1). In the motion, Petitioner requests that the Court quash both a subpoena to produce documents and a subpoena to compel testimony at a deposition (Doc. 1, Ex. A).

As an initial matter, Petitioner's motion lacks a certification pursuant to Local Rule 3.01(g). Local Rule 3.01(g) requires a party, before filing any motion in a civil case (with certain exceptions inapplicable here), to confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion. This failure alone is sufficient basis to deny the motion.

The Court also notes that it appears this matter was filed in this Court on October 8, 2013, the same date on which the documents sought by the Subpoena to Produce Documents were to be produced, and only two (2) days before the deposition of the corporate representative

that is scheduled for October 10, 2013 at 9:30 a.m. Petitioner did not style the motion as an "Emergency Motion," as contemplated by Local Rule 3.01(e), nor did Petitioner comply with the Court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases which provide that, "[a] document considered to be an emergency must be brought to the attention of the clerk's office when filed. The filer must personally contact the appropriate divisional clerk's office." *Id.* at 4. In short, Petitioner failed to identify the motion as a matter needing the Court's prompt attention.

Further, it is not clear whether this Court has jurisdiction over the subpoena requiring the production of documents under Rule 45 of the Federal Rules of Civil Procedure. The subpoena requires the production of documents at a location in San Francisco, California (Doc. 1, Ex. A). It appears that this action is pending in the United States District Court for the District of Nevada (Doc. 1, Ex. A.) Moreover, the deadline for producing the documents, October 8, 2013, has already passed.

With regard to the deposition scheduled for today in Tavares, Florida, this deposition would have already taken place by the time this matter came to the Court's attention. Accordingly, Petitioner's Motion is due to be denied as moot.

For the reasons stated above, Petitioner's Motion to Quash Subpoena and/or for Protective Order (Doc. 1) is DENIED as moot, without prejudice to Petitioner's right to raise the issues again, if appropriate, in a subsequent motion. When filing another motion, however, Petitioner should correct the defects in the initial motion.

**DONE** and **ORDERED** in Ocala, Florida on October 10, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties